# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SAMUEL PARRAMORE, #121872**                                            **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:12-CV-00055-HSO-RHW**

**RON KING, SUPERINTENDENT**                                        **RESPONDENT**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Respondent's Motion to Dismiss Samuel Parramore's 28 U.S.C. § 2254 petition as time barred by the AEDPA's one-year limitation period. Respondent argues that the petition should be dismissed because Parramore's conviction and sentence became final on June 24, 2009; however, he did not file the instant petition until February 15, 2012. The undersigned has reviewed the pleadings, motions, and exhibits on file and finds as follows:

## FACTS AND PROCEDURAL BACKGROUND

Parramore was convicted of statutory rape and touching of a child for lustful purposes in the Circuit Court of Harrison County, Mississippi. On June 23, 2006, Parramore was sentenced to serve a term of 40 years for Count I and a term of 10 years for Count II, to run consecutively for a total of 50 years. On direct appeal, the Mississippi Supreme Court affirmed Parramore's conviction and sentence on March 26, 2009. *See Parramore v. State*, 5 So. 3d 1074 (Miss. 2009). Parramore did not pursue discretionary review in the form of writ of certiorari from the United States Supreme Court.

In its Motion to Dismiss, Respondent asserts that Parramore's habeas corpus petition is untimely because it was not filed within one-year following final judgment of March 26, 2009, as required by the AEDPA. Parramore counters that his § 2254 petition is timely because he was granted a Motion for Extension of Time, allowing an extension until April 23, 2009, and thus the

controlling date should be July 22, 2009, or 90 days following April 23, 2009. Respondent argues that even with the time extension, Parramore's petition would still be untimely because it was not filed until February 12, 2012. Respondent further argues that statutory tolling does not apply because he did not properly file for post-conviction relief in state court until September 29, 2011.

Parramore argues he should be entitled to equitable tolling. He sought and purchased legal assistance from "PPS Legal Clinic," specifically Robert Tubwell, to file a motion for post-conviction relief on his behalf. The letters to Parramore from PPS Legal Research Clinic identify Tubwell as a "Paralegal-Scrivener", as well as "CEO and Director" of the legal clinic. The disclaimer at the bottom of each correspondence states that the legal clinic is not goverend by the Mississippi State Bar and that it "is not a law office or law firm". Parramore contends that the legal clinic improperly filed a motion for post-conviction relief on July 9, 2010. The "legal clinic" then withdrew its services by letter dated July 12, 2011. Following the legal clinic's withdrawal, Parramore filed a *pro se* motion for post-conviction relief in state court on September 29, 2011. The Mississippi Supreme Court denied his motion. Parramore asserts that the ineffective assistance and negligence of the "legal clinic" are rare and exceptional circumstances that prevented him from diligently pursuing his rights.

Parramore also asserts he did not have the trial transcript available for review to file for post-conviction relief until August 3, 2011, despite first receiving the transcript sometime in April 2009. He characterizes the transcript as a new predicate fact falling under 28 U.S.C. § 2244(d)(1)(D), which states if new predicate facts become discoverable, a habeas corpus petition is due a year from their discovery. 28 U.S.C. § 2244(d)(1)(D) (1996).

## LAW AND ANALYSIS

28 U.S.C. § 2244 provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Parramore was found guilty and the state court rendered sentence on June 23, 2006. Typically when a petitioner does not pursue a petition for writ of certiorari, the controlling date for the one-year limitation period would be 90 days after his conviction was affirmed on direct appeal, which would be June 24, 2009 in the instant case. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999); *see also* 28 U.S.C. § 2101; *Bell v. Maryland*, 378 U.S. 226, 232, 84 S.Ct. 1814, 12

3

L.Ed.2d 822 (1964) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). Thus, Parramore's § 2254 petition would have been due on or before June 24, 2010. However, Parramore argues in his response to the Motion to Dismiss that his § 2254 petition is timely because he was granted a Motion for Extension of Time, allowing an extension until April 23, 2009, to file a motion for rehearing. Parramore did not file the motion for rehearing. Nevertheless, giving Parramore every benefit of the doubt, the controlling date for the time limitation would have been July 22, 2009, calculated as 90 days from April 23, 2009. *See Brown v. Thaler*, 455 F.App'x. 401, 405 (5th Cir. 2011) (ruling time for defendant to file federal habeas petition began running on date the extension of time for defendant to file state petition for discretionary review expired). Accordingly, Parramore's best case scenario is that the one-year limitation period ended on July 23, 2010, the first business day after the actual deadline. Parramore did not file his § 2254 petition until February 15, 2012, well beyond the one-year deadline. Moreover, he did not submit a properly filed state motion for post-conviction relief until September 29, 2011, which also was not within the time frame to toll the limitations period. Therefore, the tolling provision of § 2244(d)(2) is not applicable to the instant case, and the instant petition for habeas corpus was untimely filed.

Parramore argues in essence that he is entitled to equitable tolling based on the actions, or inactions, of the "legal clinic" he hired to pursue his Motion for Post-Conviction Relief. The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *See Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some

4

extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. The Supreme Court has held that when the failings of a petitioner's attorney "amount to egregious behavior and create an extraordinary circumstance", equitable tolling is appropriate. *Id*. The standard is fairly high, and a "garden variety" form of attorney negligence will not satisfy the court's requirement. *Id*. at 2564.

Parramore has not demonstrated a level of professional misconduct on the part of the legal clinic that amounts to "extraordinary circumstances" justifying the application of equitable tolling. The undersigned acknowledges that giving Parramore every benefit of the doubt on when his conviction and sentence became final (July 22, 2009), the motion for post-conviction relief filed by the legal clinic on July 9, 2010, would have tolled the one-year limitations period had it been properly filed. However, there is no indication in the record that the legal clinic consisted of licensed and practicing attorneys. To the contrary, the legal clinic disclaims being a law firm or law office governed by the Mississippi Bar. Ineffective assistance of counsel is a serious claim, and may be grounds for equitable tolling. *See Holland*, 130 S.Ct. at 2562. The undersigned would not characterize an unsupervised paralegal's actions as amounting to ineffective assistance of counsel. Rather, Parramore hired Robert Tubwell, a "paralegal-scrivener", to complete his state court Motion for Post-Conviction Relief. Parramore is not entitled to equitable tolling because he entrusted his claim to a non-lawyer, thereby demonstrating a lack of diligence in pursuing his rights. Because Parramore was not represented by a licensed attorney, the "improperly filed" Motion for Post-Conviction Relief was in essence a *pro se* motion. In fact, Parramore signed the July 9, 2010 motion, not Tubwell nor anyone else from the legal clinic. Accordingly, the Court finds that for purposes of equitable tolling it was

5

Parramore who improperly filed the Motion for Post-Conviction Relief; therefore, Parramore's failure to properly file a timely post-conviction motion demonstrates a lack of diligence on his part. Even after the Mississippi Supreme Court dismissed his first post-conviction motion on August 11, 2010, Parramore waited more than a year before filing another motion for post-conviction relief in state court.

Parramore also asserts that his request for the trial transcript from the Office of Indigent Appeals was not fulfilled until August 3, 2011. He argues that the trial transcript is a "predicate fact" falling under 28 U.S.C. § 2244(d)(1)(D); and therefore, August 3, 2011 should be the proper date to begin the one-year limitation period. Contrary to Parramore's assertion, the trial transcript is not a new fact falling under this statute. Parramore was present during his trial and at one time possessed his trial transcript only to voluntarily give it away in April of 2009, when he mailed it to the legal clinic. *See Santillan v. Cockrell*, 2002 WL 999376, at * 3 (N.D.Tex. May 9, 2002) (ruling facts contained in petitioner's transcript are not newly discovered facts sufficient to extend the time limitation for filing under the AEDPA because it was discoverable at trial and immediately thereafter). For these reasons, the undersigned rejects Parramore's claim under 28 U.S.C. § 2244(d)(1)(D).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss be granted, and that Parramore's § 2254 petition be dismissed as untimely.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the

time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of October, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE